UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Anthony E. Wood, et al.,

Plaintiff,

v.

Yellow Freight System, Inc., et al.,

Defendant.

Civil: 00-2257 JMR/FLN

**REPORT AND RECOMMENDATION**

---

Anthony E. Wood, Robert C. Linbom, Gary L. Dulaney, Charles F. Greene & Fred D. Ranallo, pro se.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge for a hearing on October 13, 2000, on Plaintiffs' Motion for a Temporary Restraining Order ("TRO"). Plaintiffs seek to prevent Defendants from withholding employment taxes and ignoring their W-4 withholding certificates. For the reasons set forth below, the Court recommends that Plaintiffs' Motion be denied.

## I. BACKGROUND

Plaintiffs[1] are residents and citizens of the State of Minnesota. (Compl. ¶ 1.). Yellow Freight System, Inc., is a Minnesota corporation headquartered in Burnsville, Minnesota.

---

[1]Anthony E. Wood, Gary L. Dulaney, Robert C. Lindbom, Fred D. Ranello, David O. McKenzie, Nathaniel E. Williams, Charles F. Greene, John J. Woolery, Freddie J. Knaup, Scott A. Sawyer, Perry J. Heaton, Krist T. Johnson, William R. Hedal, Charlene M. Marxhausen, Dennis F. Rousu, Duane E. Randall, Trent E. Malenke & Michael G. Morgan.

FILED OCT 25 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

("Yellow Freight") (Compl. ¶ 2). Yellow Freight is a common carrier that specializes in transportation services. (Id.). Plaintiffs are employed by Yellow Freight as dock workers and drivers. (Compl. ¶ 1).

On October 5, 2000, Plaintiffs filed a class action suit under 42 U.S.C. § 1981 (a), alleging that Defendants violated their due process rights guaranteed under the 5th Amendment of the United States Constitution by altering their W-4 Withholding Allowance Certificates for fiscal year 2000. (Compl. ¶ 3-4) ("W-4 Certificates"). Specifically, Plaintiffs allege that the Defendants altered the exempt status claimed on their W-4 certificates to indicate zero allowances without consent. (Compl. ¶ 4). Plaintiffs further posit that Defendants made these alterations under directives from the Minnesota Department of Revenue and the Internal Revenue Service, thus acting under color of law. (Id.). Plaintiffs aver that as a result of these alterations, Defendants are illegally withholding a substantial amount of their income in employment taxes. (Compl. ¶¶ 4-8).

On that same day, Plaintiffs also filed a motion for an ex parte temporary restraining order to prevent Defendants from withholding employment taxes and ignoring their W-4 certificates. Plaintiffs contend that the Defendants' actions have caused economic harm, mental stress, anxiety and other adverse effects on the Plaintiffs' families. (Compl. ¶ 9).

## II. CONCLUSIONS OF LAW

### A. Standard of Review

"No preliminary injunction shall be issued without notice to the adverse party." Fed. R. Civ. P. 65(a). A TRO may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the

verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition; and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required. Fed. R. Civ.P. 65(b). In determining whether to grant injunctive relief such as a TRO, the Court must consider: (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest. See Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co., 997 F.2d 484, 485-86 (8th Cir.1993) (citing Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109, 114 (8th Cir.1981)). The movant has the burden of proving that an injunction should issue. General Mills, Inc. v. Kellogg Co., 824 F.2d 622, 624-25 (8th Cir. 1987). Considering the equitable nature of an injunction, the Court balances all the factors in a flexible inquiry with no single factor being determinative. See Dataphase, 640 F.2d at 113; General Mills, 824 F.2d at 624-25.

Only where the party can also show irreparable harm in the interim between the motion and final judgment is a preliminary injunction available. See Roland Machinery Co. v. Dresser Indus., Inc., 749 F.2d 380, 386 (7th Cir. 1984); Gelco Corp. v. Coniston Partner, 811 F.2d 414, 418 (8th Cir. 1977) (noting that the absence of a showing of irreparable harm is sufficient grounds to deny injunctive relief).

**A. Plaintiffs Have Failed to Establish Irreparable Harm**

It is clear that Plaintiffs have not met the requirement of notice to the Defendants and have failed to establish the irreparable harm necessary to obtain an ex parte temporary restraining

order. Plaintiffs contend that their constitutional rights are being violated by the Defendants' actions. Although it is true that deprivation of a constitutional right in itself may constitute irreparable harm, the mere presence of a constitutional or statutory question in a case is not a sufficient underpinning for a finding of irreparable harm. See Human Resources Management, Inc. v. Weaver, 442 F. Supp. 241, 249 (D.D.C. 1977). It is only where an asserted injury includes the loss of substantive constitutional rights, the prescribed administrative remedy is inadequate to protect those rights, and the threatened loss from delay would cause irreparable harm, that interim judicial relief is warranted. Id. In the instant case, the only evidence of any harms in the pleadings are the economic hardships, mental stress and anxiety resulting from the withholding of employment taxes. (Compl. ¶ 9). There has been no showing of any irreparable harm. In fact, during the hearing, Mr. Anthony E. Wood admitted that none of the Plaintiffs were suffering any severe and irreparable harm.

It is clear from the pleadings and proceedings that Plaintiffs are unable to show a likelihood of success on the merits and any irreparable injury if their request is denied; therefore, the Court believes that the Motion for a Temporary Restraining Order should be denied.

## III. RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiffs' Motion for a Temporary Restraining Order without Notice be **DENIED.**

Dated: Oct. 24, 2000

Franklin L. Noel
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of service of this Report and Recommendation, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service of the objections. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.